UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAPITOL PREFERRED INSURANCE
COMPANY, a/s/o Ray Zimmerly

    Plaintiff,

v.                              Case No: 2:13-cv-868-FtM-29CM

WHIRLPOOL CORPORATION, a
foreign profit corporation,

    Defendant.

**ORDER**

This matter comes before the Court on review of the Notice of Removal (Doc. #1) filed on December 13, 2013.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶¶ 2, 4.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal.  Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  Plaintiff alleges property damages exceeding $75,000 on the face of the Complaint (Doc. #2).  Therefore, the Court is satisfied as to the amount in controversy.

Defendant alleges that plaintiff Capitol Preferred Insurance Company is a corporation organized and existing under the laws of the State of Florida.  (Doc. #1, ¶ 3.)  The attached Florida Department of State, Division of Corporations, sheet provides that plaintiff is a Florida Profit Corporation and that a "principal address" is in Florida.  Defendant does not allege that the principal address is the principal place of business.  A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The principal place of business is determined by the "nerve center" test.  Hertz Corp. v. Friend, 559 U.S. 77 (2010).  Defendant does not adequately allege the citizenship of plaintiff, however an opportunity to state the presence of federal jurisdiction will be provided.  28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

Defendant shall show cause within **SEVEN (7) DAYS** of this Order why the case should not be remanded for lack of subject-matter jurisdiction.

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of February, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record